Scott CHRISTENSEN, Plaintiff–Appellant,

v.

SBM INDUSTRIES, INC., Defendant–Appellee.

No. 00–9060.

United States Court of Appeals, Second Circuit.

May 9, 2001.

James S. Morris, White Plains, NY, for appellant.

Michael E. Schoeman, Schoeman, Updike & Kaufman, LLP, New York, NY, for appellee.

Present LEVAL, SACK and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Plaintiff Scott Christensen appeals from the district court's grant of summary judgment in favor of defendant SBM Industries, Inc. The district court dismissed a complaint in which Christensen sought to pierce the corporate veil and hold SBM, his employer's parent company, liable for breach of an employment agreement. We find no error and affirm.

Christensen has failed to show circumstances that would justify disregarding the corporate form under New

York law. A party seeking to pierce the corporate veil bears a "heavy burden" of demonstrating complete domination by the parent and that such domination was the instrument of fraud or otherwise resulted in inequitable consequences. *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 680 N.Y.S.2d 891, 703 N.E.2d 749, 751 (N.Y.1998). Christensen cannot carry this burden, as he has not demonstrated that the factors to be considered in finding domination favor him. *See Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1053 (2d Cir.1997) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir.1991)).

We have considered all of Christensen's contentions and have found them to be without merit. Accordingly, the decision of the district court is affirmed.